## SUPREME COURT

FURNISS agt. BROWN.

BROWN agt. FURNISS.

Where the plaintiff alleged in his complaint, that under the contract with the defendant he was the owner of one half of a steam boat (New World), and entitled to the possession of the whole, that she was wrongfully detained from plaintiff to evade the said contract; that he had demanded possession of her which defendant had refused, and charged that defendant was about to remove her from the jurisdiction of the court with intent to defraud plaintiff and to violate the agreement with him; that defendant has violated his agreement in this "that said New World was not complete on the 1st January 1850 to the damage of plaintiff of $10,000." And claims delivery of said steamer with her tackle, &c. And that the defendant be restrained from removing her from the jurisdiction of this court and from doing any other act whereby plaintiff's rights may be jeoparded or impaired, and demands judgment that he may be declared entitled to said steamer, her tackle, &c.; and may recover damages for any loss which has been or may be sustained by' reason of the unlawful detention to wit, $10,000.

*Held*, a misjoinder of actions under § 167 of the Code, that is, an action *ex delicto* (formerly replevin) seeking the immediate possession of the chattel sold, by mesne process, as has ever been usual in the action of replevin. And also an action *ex contractu*, seeking damages for a violation of contract.

Also *held*, that the complaint might be amended without prejudice to the injunction issued, so as to reduce it merely to the action of replevin and when so amended the injunction, under the code, might stand in aid of that action, it appearing that the plaintiff is entitled to it by reason of injury to him.

The contract in this case considered as an absolute sale *in presenti*, and not merely a contract to sell at a future time.

The complaint in the first suit sets forth a contract, whereby the defendant sold, or agreed to sell to plaintiff, one-half of a screw steam boat then building in defendant's yard, to be complete and ready for sea, on or before the 1st January 1850. The language of the contract is, " agrees to sell, and by these presents does sell." The price fixed is $30,000.

The contract further provides that Furniss shall act as agent for her, receiving a commission on all receipts and disbursements; that he shall have entire control of her, appointing agents in every port where she may trade; he accounting to Brown or other owners for their proportion of money he may receive from

time to time. That Furniss had paid Brown $25,000 on account of premises.

The complaint further states that the boat is now complete and ready for sea. · That plaintiff on the completion of the boat became, and now is, entitled to possession and control of her; that he has demanded possession of her which defendant has refused, and charges that defendant is about to remove her from the jurisdiction of this court with intent to defraud plaintiff and to violate the agreement with him; that plaintiff, under said contract, is owner of one-half of her, and entitled to the possession of the whole; that she is wrongfully detained from plaintiff to evade the contract mentione l; that her name is the *New World;* that the loss plaintiff will sustain in case she shall be removed and not delivered to him, will greatly exceed the value of her; that he will sustain irreparable loss if he be prevented from sending her into the Pacific, and that defendant is unable to respond in damages; that she is worth $50,000, according to plaintiff's " best judgment and belief;" that defendant has violated his agreement in this, that said " *New World* " was not complete on the first January 1850, to the damage of plaintiff of $10,000.

The complaint claims delivery to plaintiff of said steamer, with her tackle, &c., and that by order of this court defendant be restrained from removing her from the jurisdiction of this court, and from doing any other act whereby plaintiff's rights may be jeoparded or impaired. That by the judgment of the court, plaintiff may be declared entitled to said steamer, her tackle, &c., and may recover damages for any loss which has been, or may be sustained by reason of the unlawful detention, to wit, $10,000.

On this complaint an injunction was obtained, restraining the removal of the steamer from the jurisdiction of the court, &c. And on an affidavit that plaintiff was owner of one-half of said steamer and entitled by virtue of said contract to the possession of the whole, and a claim of delivery of her as personal property (the substitute for the old writ of replevin), she was taken into custody by the sheriff of the city and county of New York, but was subsequently taken per force from him and went to sea.

· The plaintiff then brought suit against the sheriff for the non delivery of the boat to him.

It appeared on the part of plaintiff, in opposition to the motion, that he had bought also one-half of the steamer Rhode Island at the same time, for which he gave $25,000, and had let Brown have his note for $5,000, besides the $25,000 mentioned in the complaint.

After the departure of the steamer, defendant in the first suit filed a cross bill, stating among other things, that the steamer had gone from the custody of the sheriff, and from the jurisdiction of the court; and that the sheriff was consequently unable to deliver her to defendant; that defendant had procured the proper undertaking under the Code to entitle him, on delivering it to the sheriff, to the possession of her; and that he had offered to deliver it to the plaintiff on the condition that he would discontinue his suit against the sheriff, but it had not been accepted on those terms, and stating reasons to apprehend that Furniss would attempt to seize her and embarrass her movements abroad, and praying an injunction restraining him therefrom and from intermeddling with her, and on this procured a preliminary injunction until a motion for one, on notice, could be made.

M. S. BIDWELL, EDW. SANDFORD & GEO. T STRONG, *for Plff*.

CHAS. O'CONOR, FRANCIS B. CUTTING & C. A. PEABODY, *for Deft.*

EDMONDS, Justice.—In these two suits there are different questions raised and discussed on the argument.

1. On the demurrer to the complaint in the first suit, on the ground of a misjoinder of actions.

2. A motion for leave on the part of Furniss to file a supplemental complaint to set forth the acts which occurred after his suit was brought.

3. A motion for attachment against Brown for violating the injunction.

4. A motion to set aside that injunction and other proceedings in the first suit, which aim at the immediate possession of the party.

5. A motion to compel Furniss to elect in what manner, and under what provision of the Code he will proceed.

6. A motion for an injunction against Furniss.

The five first named questions arise in the suit in which Furniss is plaintiff, and the remaining one in the other suit.

The first question which I will consider will be that which arises in the demurrer, as it may more or less affect the other questions.

It is claimed for the defendant that the complaint demurred to has a three-fold character; as a bill for specific performance of a personal contract, as an action of replevin, and as an action for the recovery of damages for a breach of a contract. And it is alleged in his behalf that these actions are inconsistent with each other; for the first is founded on the idea that there has been no absolute sale of the vessel to Furniss; the second is founded on the idea that there has been such absolute sale, and the third is left at liberty to rest its foundation upon either alternative.

I do not think that the complaint can, with propriety, be regarded as in the nature of a bill for a specific performance, for it does not allege a contract to sell, and ask that it may be performed by a decree that the defendant sell, but it avers an absolute sale, and claims a right to possession by virtue of such contract of sale.

It is therefore an action of replevin, seeking, as in that action always might be sought, the immediate possession of the chattel sold, and that not so much by the final judgment as is the case in all actions for specific performance, as by mesne process, as has ever been usual in the action of replevin.

But it has this addition, that it is also an action on contract, seeking damages for a violation of contract. So that in respect to its seeking the immediate possession of the vessel, it is an action *ex delicto,* and as to the damages it is an action *ex contractu.*

Now, the Code allows several causes of action to be joined, where they all arise out of contract express or implied, or out of claims to recover personal property with or without damages for withholding; but it declares that the causes of action so united must all belong to only one of these classes (*Code,* § 167).

This mere statement of the law and of the causes of actions which are found united in this complaint, shows that the demurrer is well taken.

But it does not follow that, therefore, the injunction must be dissolved. That depends on other considerations. The plaintiff

may be allowed to amend his complaint without prejudice to the injunction, and if he should amend so as to reduce his complaint merely to the action of replevin (as it may yet be called, though the Code has given it a new and less convenient name), the question recurs whether an injunction could be sued out in aid of his remedy. Formerly in that action it could not, but now it may in every action where it shall appear by the complaint, that the plaintiff is entitled to the relief demanded, and such relief, or any part of it, consists in restraining the commission of some act, the commission of which during litigation would produce injury to the plaintiff (*Code*, § 219). So that the inquiry is not, whether the relief demanded is according to principles of equity or the common law practice, but simply whether the party is entitled to it by reason of its producing an injury to him.

The relief here sought in this respect is that the defendant may not remove the vessel from the jurisdiction of this court and the plaintiff shows himself entitled to it by averring an absolute sale to him of one-half of the vessel, and an agreement that when finished, he shall have possession of the whole. So that if he is correct in his statement of his title, he had a right to the injunction in the first instance and to its continuance pending the suit, on properly amending his complaint.

This involves the question whether the contract was an absolute sale *in presenti*, or merely a contract to sell at a future time.

I entertain no doubt that it was an absolute sale *in presenti*, and was so understood by both parties up to the 9th of February, when the vessel left this port.

The contract says that Brown not only agrees to sell, but " by these presents does sell."

Each party was to insure his own interest, and Furniss, from the execution of the contract, might have insured his half.

The amount paid was applied by both parties towards the purchase of both boats; the receipt for the $25,000 says so in express terms, and the $5,000 could in no respect be applicable to the purchase of the Rhode Island, unless it was so; so that if the $25,000 were paid only for the Rhode Island, the $5,000 must have been paid toward the New World; and if the $5,000 were paid on the Rhode Island, some part of the $25,000 must

have been paid toward the New World; so that in any event, Brown received some part of the purchase money of the New World.

The coal bought by Furniss was, by Brown, applied to the use of the New World, as well as to that of the Rhode Island, he thus treating one boat as sold to Furniss as much as the other.

In both contracts the expression is in the present tense, " he sells." In the case of the Rhode Island, Brown caused her to be registered in both names, thus recognizing Furniss as part owner by virtue of that expression; and in the case of the New World, he frequently promised to send the carpenter's certificate so that she might be registered in the same manner.

In all of Brown's letters he recognizes Furniss's joint ownership. Furniss avers that the purchase of both boats was one transaction, and Brown no where controverts that averment, and for all the purposes of this suit it must be taken as true.

It is these considerations which have brought my mind to the conclusion that it was an absolute sale *in presenti,* so intended by both parties, and so understood by both, until this suit was brought.

If this was so, then Furniss had an absolute right, by virtue of his present ownership, to the immediate possession of one-half of the vessel, and might maintain replevin for it against a wrong doer, and was entitled to an injunction against her being removed out of the jurisdiction of the court. I have thus far been regarding his rights only as owner of one-half of the vessel, and not under his contract to have possession of the whole. And as such owner, there is another ground why he should have his injunction. In cases of disputes between joint owners of a vessel, we adopt and apply in this court the rule of Admiralty, and that is to give the majority in interest the possession and control, where there is such majority, and where there is not, order the vessel sold and in the mean time restrain both parties from using her.

This rule is a sound one, and indeed the only one that can, with propriety, be applied in such cases; applied here, it would clearly warrant an injunction.

This disposes of all the questions in the first suit, except the motion for an attachment against Brown.

Furniss agt. Brown.

I can not on the papers before me, determine how far he took any part in sending the vessel to sea. No act of his tending to such result, is set out in the affidavit on the part of Furniss, though from the acts which are detailed, the inference is certainly very strong that he had something to do with it. But on the other hand, the affidavit of Bell would imply that Brown had nothing to do with sending her to sea. This is not very probable, to be sure, but in the state of the evidence before me, I can not say how the fact is, and must direct a reference to ascertain.

The motion by Brown for the injunction must, of course, under the view of the case, be denied with costs.

### FURNISS agt. BROWN.

#### DECISION.

1. Demurrer to complaint allowed, but plaintiff allowed to amend by electing whether his complaint shall be as in replevin or as in an action for damages, for breach of contract, such amendment to be made in five days.

If plaintiff omit to amend, or if in amending he elects to go for the damages and not in replevin, the injunction will be dissolved. But if he amends, and in amending elects to go as in replevin, the motion for the dissolution of the injunction will be denied. But in any event the plaintiff will pay the costs of the motion to dissolve the injunction, $10, and the costs of the demurrer.

2. Motion for leave to file supplemental bill, granted.

3. The motion for attachment for violating injunction referred to Joseph S. Bosworth, to take testimony in regard to it

4. The motion to set aside proceedings in the replevin to elect, &c. will be governed by the decision on the demurrer and the action thereo

### BROWN agt. FURNISS.

Motion for an injunction denied, and temporary injunction dissolved with costs.

NOTE.—This case was received by the Reporter for publication on the 17th June 1852, and should soon thereafter have been published; but by some accident it was mislaid with some other papers, and not found until a few days since.