## BENNETT *vs.* SCUTT.

A verbal agreement, between A. and B., whereby A. is to cut the wood and brush, upon the land of B., and heap the brush, for the wood, A. being allowed until the ensuing winter to draw the wood away by sleighing, is within the statute of frauds, and void as an *agreement,* but it operates as a *license* to A. to cut the wood, and is sufficient, *it seems,* to vest the title in A. to all the wood cut under it.

But such a license is revocable at any time, as to the future; and where, upon such a state of facts, B. gave notice to A. that he was about to burn his fallow, where the wood was, in order that A. might remove the wood, *it was held* this was a revocation of the license, in respect to allowing the wood to remain on the premises; and that all right in A. to occupy the land thereafter, with the wood, beyond a reasonable time for its removal, was thereby terminated.

*Held also,* that where B., after having given a reasonable notice to A. of his intention to do so, set fire to his fallow, and the wood of A. still remaining upon the land, was consumed, B. was not liable for its value; unless he was chargeable with willful wrong or gross negligence.

The decision of a jury, in a justice's court, upon a question of fact, is conclusive. Although against the weight of evidence, the county court, on appeal, cannot properly disturb the verdict.

It is only when the facts of a case are undisputed, or the evidence is not conflicting, and is free from reasonable doubt, that such a verdict can be set aside as contrary to, or against, evidence.

THIS was an appeal, by the defendant, from a judgment of the Steuben county court. Bennett brought an action before a justice of the peace against Scutt, alleging in his complaint that the plaintiff, on or about the month of August, 1852, was the owner of about 40 or 50 cords of wood, lying on the land of the

defendant by his, the defendant's, permission and consent. That in the month of August aforesaid, the defendant set fire to his fallow, in which said wood was lying, which the defendant knew must and did burn and was consumed and destroyed, in consequence of the defendant's setting fire to his fallow aforesaid, to the plaintiff's damage and injury. Also that the defendant, in the month of August, 1852, willfully, negligently and wrongfully set fire to his fallow, in which the defendant knew the plaintiff's wood was lying, and burned and destroyed a large quantity thereof, to wit, thirty cords, of the value of thirty dollars. The answer was a general denial of all the allegations in the complaint. The cause was tried by a jury, who found a verdict for the defendant, and judgment was given in his favor, by the justice, for costs. Bennett appealed to the county court, alleging in his notice of appeal, as the ground of error, that the verdict of the jury was against the evidence, and ought to have been for the plaintiff. The county court reversed the judgment, and Scutt appealed to this court.

*M. Brown*, for the appellant.

*B. Bennett*, for the respondent.

*By the Court*, T. R. STRONG, J.   The wood, for the burning of which this action was brought, was cut by the plaintiff in March or April, 1852, on the land of the defendant where it was burned, under a verbal agreement between the parties, whereby the plaintiff was to cut the wood and brush, and heap the brush, for the wood. There was some testimony tending to prove that the defendant gave verbal permission to the plaintiff that the wood might be drawn away the next winter by sleighing; and this may be treated as part of the agreement. This agreement was within the statute of frauds and void, as an agreement, but it operated as a license to the plaintiff to cut the wood, and probably was sufficient to vest a title in the plaintiff to all wood cut under it; no point having been made that the terms of the agreement were not complied with by him. (*Pierrepont* v. *Bar-*

*nard*, 2 *Selden*, 279. *Green* v. *Armstrong*, 1 *Denio*, 550. *Bank of Lansingburgh* v. *Crary*, 1 *Barb*. 542. *Warren* v. *Leland*, 2 *Id*. 613.) But this license was revocable at any time, as to the future. (*Miller* v. *The Auburn and Syracuse R. R. Co.*, 6 *Hill*, 61.) And evidence was given tending to show that, about a week before the burning of the wood, the defendant gave notice to the plaintiff that he was about to burn his fallow where the wood was, evidently with a view to have the plaintiff remove the wood. If such a notice was given, it was a revocation of the license in respect to allowing the wood to remain on the premises, and all right in the plaintiff to occupy the land thereafter with the wood, beyond a reasonable time for its removal, was thereby terminated. But although the license was revoked, and a reasonable time afterwards to get away the wood had expired, the defendant had no right to burn the wood. These facts, however, are entitled to an important bearing on the question of negligence. The wood was consumed by fire communicated to it while the defendant was burning his fallow, in August, 1852. The defendant, in burning his fallow, was engaged in a lawful act ; the wood of the plaintiff was wrongfully there ; and it was at least requisite that willful wrong or gross negligence in him should be proved, to render him liable. The plaintiff was engaged at the time in getting away his wood, and the defendant assisted him to some extent. It appears that there was a road between the wood and the fallow, part of the way ; and that the plaintiff told the defendant, " if that road went all the way through, it might not burn the wood, if it was not for a certain pine stub." The evidence is not clear in regard to where the wood burned was, in reference to the place where the defendant was burning his fallow ; and the case is silent as to any evidence in regard to the weather, the state of the wind, and the efforts of the plaintiff and defendant to prevent the fire consuming the wood. After a careful examination of the case, I am satisfied that the evidence fails to show a willful wrong on the part of the defendant ; and I think there was a fair question for the jury, on the evidence, whether the defendant was guilty of gross negligence. If there was such a question, the decision of the jury

Clarke *v.* Rochester, Lockport and N. Falls Railroad Co.

upon it was conclusive. Although against the weight of evidence, the county court could not properly disturb the decision. It is only when the facts of a case are undisputed, or the evidence is not conflicting, and is free from reasonable doubt, that the verdict of a jury in a justice's court can be set aside as contrary to or against evidence. (*Noyes* v. *Hewitt,* 18 *Wend.* 141. *Baum* v. *Tarpenny,* 3 *Hill,* 75. *Adsit* v. *Wilson,* 8 *How. Pr. Rep.* 64. *Kasson* v. *Miller,* 7 *Id.* 377.)

The judgment of the county court must be reversed, and that of the justice affirmed.

[MONROE GENERAL TERM, September 4, 1854. *Johnson, Welles* and *T. R. Strong,* Justices.]