## Biglow *vs.* Sanders.

22  147|
84h 451|
22b 147|
10ap604|
22b 147|
14ap584|

If a party makes the books of his adversary evidence in his favor to prove his credits, he is bound to take the whole account together, and to admit the whole of the debit side of the account. The rule is the same whether the books are produced by the plaintiff or the defendant.

Where the evidence, on a trial before a justice of the peace, is not undisputed and not entirely free from doubt, the county court, on appeal, ought not to reverse the judgment of the justice, even if it should be conceded that it was against the weight of evidence.

The rule is, that it is only where the facts are undisputed, or the evidence is not conflicting and is free from reasonable doubt, that the judgment of the justice can be set aside upon the ground that such judgment, or the verdict of the jury on which it is founded, is against evidence.

The words "*errors of fact*," in the 366th section of the code, do not refer to an erroneous finding of the court or jury upon the evidence, but to those errors of fact which do not appear from the record or evidence, such as infancy, coverture, &c. of some of the parties.

APPEAL from the county court of Clinton county. The suit was commenced before a justice of the peace, who rendered a judgment in favor of the defendant for $1.25. This judgment was reversed by the county court, on appeal.

*C. K. Averill*, for the plaintiff.

*Thos. Armstrong*, for the defendant.

*By the Court*, Paige, J. The complaint was for goods, &c. sold and delivered. On the trial the plaintiff introduced his books of account in evidence; after proving that he kept correct books, &c. The account against the defendant in the books, contained two cash charges, and an item for the plaintiff's due-bill for goods. The defendant now objects that the books are not evidence of these charges. It seems he did not take this specific objection before the justice. He there only objected to the introduction of the books upon the ground that they had not been sufficiently proved. The defendant also claims, in addition to his credits in the account in the plaintiff's books, to be allowed for drawing the boards and plank testified

to by witnesses Ransom and Palister. I think it is apparent from the correspondence of the dates of the credits in the account with those testified to by Palister, that the drawing of the lumber credited to the defendant is the same as that referred to by Palister. It is evident that the defendant should not be allowed for both the drawing of the lumber sworn to by the witnesses Ransom and Palister, and that credited to him by the plaintiff.

If the defendant relies upon his credits in the plaintiff's account, he cannot object to the two cash charges and the charge for the plaintiff's due-bill charged in the account. The rule is, that if a party makes the books of his adversary evidence in his favor to prove his credits, he is bound to take the whole account together, and to admit the whole of the debit side of the account ; and the rule is the same whether the books are produced by the plaintiff or the defendant. This principle was affirmed as law in the case of *Low* v. *Payne,* decided by this court, at general term in the 4th district, in 1847 or 1848. (1 *Cow. & Hill's Notes,* 227, 8, 9. 1 *Wash. C. C. Rep.* 413. 15 *John.* 409. 5 *Taunt.* 245.) The case does not show whether the two witnesses, Ransom and Palister, testified to the drawing of the same or different lumber. I incline to the conclusion that they speak, in their testimony, of the same lumber. If my conclusions as to this part of the case, and also as to the identity of the lumber spoken of by Palister with that mentioned in the plaintiff's account, are correct, judgment should have been given by the justice in favor of the plaintiff. But as these questions are mere questions of fact, and as the evidence in regard thereto is not undisputed and not entirely free from doubt, I think that the county court ought not to have reversed the judgment of the justice, even if it should be conceded that it was against the weight of evidence. The rule seems to be, that it is only where the facts are undisputed or the evidence is not conflicting, and is free from reasonable doubt, that the judgment of the justice can be set aside upon the ground that it, or the verdict of the jury on which it is founded, is against evidence. (8 *How. Pr. Rep.* 377. 18

Biglow *v.* Sanders.

*Barb.* 347. 1 *Smith,* 72, 178. 2 *Sand.* 222. 12 *Barb.* 382. 1 *Smith,* 319.) In *Bennett* v. *Scutt,* (18 *Barb.* 347,) it was held by the general term in the 7th district, that the county court could not properly disturb the verdict of a jury in a justice's court, because it was against the weight of evidence. The words " *errors of fact,*" in the 366th section of the code, do not refer to an erroneous finding of the court or jury upon the evidence, but to those errors of fact which do not appear from the record or evidence, such as infancy, coverture, &c. of some of the parties. (8 *How. Pr. Rep.* 377. 7 *id.* 64.) The code declares that the county court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits. This is substantially the same language as that used in relation to the judgment of the common pleas, on the review of justices' judgments, in the revised statutes. ( *Vol.* 2, *p.* 251, *sec.* 181.) Under this section of the revised statutes the rule adopted was, that if there was evidence on both sides, the judgment of the justice could not be reversed by the common pleas ; not even where the verdict was against the weight of evidence ; and that if, in such a case, the common pleas reverses the justice's judgment, its judgment would be reversed, on error. (21 *Wend.* 305. 18 *id.* 141, 4, 5, *in error.* 3 *Hill,* 75. 15 *Wend.* 490.)

In accordance with these authorities the judgment of the county court must be reversed, and that of the justice affirmed.

[CLINTON GENERAL TERM, May 6, 1856. *C. L. Allen, Paige, James* and *Rosekrans,* Justices.]