ETIENNE GIBERTON *v.* LOUIS GINOCHIO.

The execution of an instrument, not under seal, may be proved by the admission of the party, although the instrument is attested by a subscribing witness who is not called, or his absence excused.

After the trial of an action in the Marine Court has commenced, the justice has no power to order an adjournment, except upon the consent of both parties, or for the reason that there is not time to conclude the trial at one session.

APPEAL from a judgment of a justice of the Marine Court. This action was brought upon an agreement in writing to deliver wines, segars and merchandise. The instrument was unsealed, and was as follows:

I hereby agree, and have agreed, for value received, and on demand, to deliver to Pierre Saracco, or order, wine, segars and merchandise to the value of one hundred dollars.

New York, Feb. 24, 1852.                    L. GINOCHIO.
In presence of
        JOHN R. MONAGHAN.

(Endorsed.)

Pay to the order of E. Giberton, for value received. New York, March 25, 1852.

                                  P. SARACCO.

Pay to the bearer, New York, July 28, 1855.

E. GIBERTON.

The cause came on for trial on October 16, 1855. A witness for the defendant being absent, it was consented in open court, by the attorneys for both parties, to proceed in part with the case, and that the trial should then be adjourned, and the deposition of the absent witness be taken and used as evidence in the cause; the deposition to be taken at the court-room, and the witness to be subpœnaed to appear for examination.

The trial then proceeded. The plaintiff did not call the subscribing witness to the instrument in suit, to prove its execution, nor did he offer any explanation of the absence of the witness. To prove the execution, he first called a witness who testified that he was acquainted with the handwriting of the defendant. On being shown the instrument, he said that " he did not think " the signature was in defendant's handwriting The plaintiff then called a second witness, who testified that he called on defendant, produced the paper to him, and demanded the goods; that defendant admitted that he signed the paper, and delivered it to Saracco, but refused to deliver the goods. The defendant objected to the sufficiency of this proof, on the ground that the subscribing witness must be called, or his absence explained; but the objection was overruled.

Other evidence being introduced, the trial was adjourned by consent, pursuant to the stipulation above mentioned, until October 18th.

On that day, defendant appeared with his counsel, and presented an affidavit that the witness in question had been duly subpœnaed, and his fees paid. The witness not being present, the case was adjourned to the 20th, and an order to show cause why the witness should not be attached was granted. On the 20th the case was called, and an application was made on behalf of defendant for a further adjournment, on the ground of defendant's counsel being engaged in arguing a cause in the Superior Court, and on the ground of the absence of the witness.

Diligence had been used to serve him with the order, but he had not been found. These facts were shown by affidavits. The application for an adjournment was refused, and judgment rendered for the plaintiff, from which defendant appealed. .

*L. E. Bulkeley,* for the appellant.

*Frederick Rice,* for the respondent.

INGRAHAM, FIRST JUDGE.—The justice did not err in admitting proof of the confession of the defendant to the making of the note in controversy. Although the rule as to sealed instruments requires the production of the subscribing witness, yet, as to instruments not under seal, the strictness of that rule has been so far relaxed, in this state, as to permit the instrument to be proven by the confession of the party signing it. *Hall* v. *Phelps,* 2 John. R. 451; *Shaver* v. *Ehle,* 16 id. 201; *Manri* v. *Heffernan,* 13 id. 75; *Henry* v. *Bishop,* 2 Wend. 575.

The evidence in this case was the direct admission of the defendant, that he had signed the instrument in suit, and delivered it to Saracco.

The contradiction between the two witnesses, as to the signature, was not fatal to plaintiff's case. The first witness only stated his opinion. It left a question for the justice to decide, with which we do not interfere.

There was no error in refusing the adjournment. There had been one adjournment in pursuance of the stipulation, and we have held that the justice has no power to adjourn after commencing a trial, without the consent of both parties, if he has time to conclude the case without it.

Judgment affirmed.