# SUPREME COURT.

## MARGARET HOBBS agt. ISAAC WETHERWAX

On an appeal from a judgment in a justice's court to the county court, the justice cannot be compelled to return the *evidence* taken before him on the trial, where the case is a proper one for a new trial in the county court.

And whether the case is a proper one for a new trial in the county court, depends upon the amount stated and claimed in the pleadings—it must exceed $50.

Although *growing grass* is a part of the realty and no interest therein can be sold by parol agreement, being within the statute of frauds, which requires it to be in writing, yet where a parol agreement is made between landlord and tenant, to let the farm to be *worked on shares,* the landlord is not at liberty to treat the agreement void under the statute of frauds, as to the meadow land, and valid as to the other crops of grain, vegetables, &c., and that the agreement amounts to nothing more than a revocable license as respects the grass.

It is a settled principle of law that if a part of a contract be void, under the statute of frauds, the whole is void.

Where a contract, void because not in writing, has been so far performed that it would be a fraud upon the party, or operate as a great hardship upon him, unless carried out, it will be enforced, notwithstanding the statute.

*Fourth District, General Term, July,* 1868.

*Before* JAMES, ROSEKRANS, POTTER *and* BOCKES, *Justices.*

THIS action was commenced before a justice of the peace. The plaintiff complained against the defendant for cutting and carrying away from her premises, a quantity of hay to her damage of seventy dollars. The answer was a general denial. On the trial before the justice, the plaintiff failed to recover, and a judgment was entered for the defendant. The plaintiff appealed to the county court and claimed a new trial. The justice returned the process, pleadings and judgment, but not the evidence given on the trial before him. Thereupon, a motion was made in the county court, to compel him to return such evidence, which motion was denied. An appeal was taken from the order denying the motion to the supreme court, where the order was affirmed.

Hobbs agt. Wetherwax.

On the trial in the county court, the plaintiff had judgment for $7.50 damages, with $96.59 costs. An appeal was then taken from the judgment to this court. Before entering upon the trial in the county court, the defendant objected to the drawing of a jury or to any proceedings in the cause on the ground that under the pleadings a new trial could not be had, and that the case presented questions of law only.

The court overruled the objection and the defendant excepted. A jury was impannelled and the trial proceeded. The plaintiff gave evidence showing that the defendant entered her meadow and cut and carried away a quantity of hay. The defendant justified the acts complained of, on the ground that he had taken the plaintiff's premises including the meadow, to work on shares, and was entitled to cut and divide the hay as he did do, and that he had taken his proportion only. It was not disputed that the plaintiff let by parol a portion of the premises to the defendant on work on shares and that the latter put in crops under such agreement. But the plaintiff denied that such letting included the meadow, and also claimed that if the meadow were included in the letting, such letting, as regarded the meadow, was within the statute of the frauds and void, because not evidenced by a writing. On this question, the county judge by his charge and refusals to charge, held with the plaintiff. The defendant excepts.

A. C. STRONG, *attorney for the plaintiff,*
J. L. HILL, *of counsel for defendant.*

*By the Court,* BOCKES, J.—The objection that a new trial could not be had in the county court, and that the case presented questions of law only, seems to have been already determined in favor of the plaintiff in this court. A motion was made in the county court to compel a return of the evidence given before the justice and his proceedings on the trial

before him, which was denied. On appeal to this court the order denying such motion was affirmed, and as I understand, on the ground that the case was one for a new trial. But were the question open in this case, it would probably be controlled by the decision in (*Ovenshire* agt. *Adee*, 27 *How.*, 368). It was there held that the amount stated and claimed in the pleadings determined the right of the appellant to a new trial in the county court. The language of the ·Code is clear and specific. It is that on such appeal when the amount of the claim or claims, for which judgment was demanded by either party in the pleadings, exceeds fifty dollars, a new trial should be had in the county court. In the case in hand the amount for which judgment was ·demanded in the complaint was seventy dollars. We are satisfied with the reasoning and conclusion in *Ovenshire* agt. *Adee*, (*supra*,) which case is in support of the ruling of the county court on the objection above stated.

This brings us to consider the ruling of the court on the questions raised by the charge to the jury.

The learned county judge, held and instructed the jury, *First*: That if the meadow was not included in the letting to the defendant, then the plaintiff was entitled to recover for all the grass cut and carried away by him, and *Secondly*: That if included, then she was also entitled to recover for the cutting subsequent to the revocation, as to which there was evidence for the consideration of the jury.

In regard to the first proposition, of course there can be no question. If the meadow was not embraced in the letting to the defendant, he had no justification for his acts, and was a trespasser. In this, the ruling was manifestly right; and judging from the amount of the verdict, it is highly probable that the jury found that the meadow was not so included, as the verdict seems to have been rendered for the full value of the grass, taken away by the defendant. But the action was trespass and the verdict was general. It may, therefore, have been rendered for damages assessed

for the cutting subsequent to the revocation. We are consequently, required to consider the question presented by the second proposition embraced in the charge. The question then is, was the county court right in holding that even if the meadow were included in the letting of the premises to the defendant, such letting not being in writing was void as regards the meadow, except as a revocable license, and afforded no grounds of defense to the plaintiff's claim for such acts as succeeded the revocation? The plaintiff insists that the growing grass was part of the realty, and that no property or interest therein could be created unless by writing, except under lease for a term not exceeding one year; (2 *R. S.*, 135, § 6–8). It is, therefore, claimed that the letting was void except as a license revocable at the pleasure of the party. It has been repeatedly decided that growing trees, fruit and grass, being the natural product of the earth and not annual produce obtained by cultivation, are part and parcel of the land itself, and cannot be sold as chattels on execution, as may be growing crops of grain and vegetables. The former descends to the heir as a part of the inheritance, the latter belong to the executor or administrator as a part of the personalty. (*Green* agt. *Armstrong*, 1 *Denio*, 560; *Bank of Lansinburgh* agt. *Crary*, 1 *Barb.*, 543: *Warren* agt. *Leland*, 2 *Barb.*, 613; *Bennett* agt. *Scott*, 18 *Barb.*, 347; *McGregor* agt. *Brown*, 10 *N. Y.*, 114; *Pierepont* agt. *Barnard*, 6 *N. Y.*, 297). Growing trees, grass and fruit, are therefore, within the statute of frauds and cannot be sold by parol  Being part of the realty no interest therein can be granted unless in writing. But a right to cut standing timber, given by parol, is good as a license and will protect the party until revoked. It is, however, revocable at the pleasure of the party giving it. This was directly decided in *Bennett* agt. (*Scott*, 18 *Barb.*, 347); and *White* agt. *The Auburn and Syracuse R. R. Co.*, 16 *Hill*, 61). It was in accordance with these decisions. undoubtedly that

the learned county judge held that the agreement to work the plaintiff's premises on shares being by parol, was but a revocable license in so far as it related to the growing grass. I am not aware that the precise question here presented has ever been decided in this court. It is a question of the gravest importance, for as all well know, a great proportion of the agreements made under which the lands throughout the state are worked on shares, rest in parol. If these agreements are void as to growing grass, they are wholly void when they embrace, as they commonly do, meadow to be mowed, or the right to cut standing timber for fuel—for it is a settled principle of law, that if a part of a contract be void under the statute of frauds, the whole is void. (*De Beerski* agt. *Paige*, 36 *N. Y.*, 537; *see also cases cited on page* 339). The question then is, may the landlord at the beginning of the harvest, after the crops are all put in and the labor of cultivation ended, revoke and treat the agreement void; or may the tenant revoke at pleasure when he finds it for his interest so to do? If it be so, the statute of frauds, which sanctions the proceeding and protects the party, becomes an instrument of wrong and oppression. It may be said that if the landlord revoke, the tenant may recover for his services on a *quantum meruit*. But suppose the season has been propitious and his share of the crops far exceeds his services in value, will a recovery for work, labor and services, reduced perhaps by a set off for house rent, meet the justice of the case? Besides, is it nothing to be thrown out of employment, and to have his family thrust out of doors? For these injuries he could have no redress, inasmuch as he could not resort to the void agreement for the purpose of determining the damages. (*Erben* agt. *Lorillard*, 19 *N. Y.*, 299). In this case it was held that when the agreement is void, it furnishes no evidence on which to base a rule of damages, for a recovery between the parties. The statute of frauds was not intended to work injustice, and to avoid

such result, it has long been a settled principle, that in equity, part performance takes the parol agreement out of its operation. When a contract void because not in writing, has been so far performed that it would be a fraud upon the party, or operate as a great hardship upon him, unless carried out, it will be enforced, notwitstanding the statute. (*Malins* agt. *Brown,* 4 *Com.,* 403; *Bennett* agt. *Abrams,* 41 *Barb.,* 619; *Ryan* agt. *Dox,* 34 *N. Y.,* 307; *Lowry* agt. *Tew,* 3 *Barb. Ch.,* 407; *Rathbone* agt. *Rathbone,* 6 *Barb.,* 98; *Story's Eq.,* § 759; *Willard's Eq.,* 283–4–5). Judge WILLARD says: that the principle of this class of cases is, that if one of the contracting parties induces the other so to act, that if the contract be abandoned he cannot be restored to his former position, the contract must be considered as perfected in equity, and a refusal to complete it at law is in the nature of a fraud. In another case, it is said that a party who has permitted another to perform acts on the faith of an agreement, shall not insist that the agreement is bad, and that he is entitled to treat those acts as if it never had existed. The case at bar falls directly within the principle established by the authorities above cited. The plaintiff was not at liberty to retain the advantages of the agreement and a the same time urge its invalidity. The plaintiff then could not revoke. The agreement was to a very considerable extent performed—so far executed that the rights of the parties could not be preserved unless carried out according to the original intention. The county court therefore, erred in holding that the agreement between the parties proved in this case, operated as a revocable license, merely in so far as it had application to the growing grass.

The part performance was too available to the defendant, as a defense in the action commenced in the justice's court. He was sued in trespass, and his defense was the agreement with the plaintiff, authorizing and justifying the acts complained of. If valid, the agreement afforded full protection.

Hobbs agt. Wetherwax.

Having been so far executed as to entitle the defendant to have it carried out, it was valid and just as effectually a protection for all acts done under it, as if it had been in writing, subscribed by the parties. The judgment must be reversed and a new trial had in the county court, with costs to abide the event. I, do not wish to be understood as intimating the opinion that a letting of a farm by parol for a year, to be worked on shares, is within the statute of frauds, and void. On the contrary, I am inclined to a different opinion. But all the members of the court are not entirely satisfied on that point, and inasmuch as the case may rest on the ground above considered, it becomes unnecessary to decide the question last suggested. Judgment reversed, new trial ordered, costs to abide the event.