Sherar *v.* Willis.

There was no error on the trial, and the judgment and order appealed from must be affirmed, with costs.

Judgment affirmed.

---

JAMES SHERAR et al., Respondents, *v.* MANILLA WILLIS, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1871.)

It is, it seems, discretionary with a justice of the peace to grant or refuse an adjournment after an amendment of the pleading, under section 64, subdivision 11, of the Code.

And where, at joining issue, the defendant pleaded a general denial, and desired to plead payment, but the justice, with the plaintiffs' knowledge, declined receiving the plea, stating that it was covered by the general issue,—*Held*, that the refusal of the justice, at the trial, on permitting the defendant to amend his answer by pleading payment, to allow an adjournment to the plaintiff, upon affidavit of surprise, absence of witnesses, &c., was not error, for which the judgment would be reversed.

THIS was an appeal from a judgment for the defendant, rendered before a justice of the peace. The facts are stated in the opinion of the court.

*Dart & Tappan,* for appellant.

*W. H. Sawyer,* for respondents.

Present—MILLER, P. J., JAMES and PARKER, JJ.

By the Court—MILLER, P. J. This action was originally brought before a justice of the peace in the county of St. Lawrence for goods sold and delivered by the plaintiff to the defendant, and a judgment rendered in favor of the defendant for costs, which, upon an appeal to the County Court, was reversed upon questions of law.

Upon the day to which the cause was adjourned before the justice, the defendant moved to amend his answer by setting

up payment, in addition to a general denial previously pleaded. The plaintiff objected to the amendment, upon the ground of surprise, and that an adjournment would be necessary. The amendment was allowed, and the plaintiff then moved an adjournment, upon the ground of surprise, and read an affidavit that, in consequence of the amendment, he could not safely proceed to the trial of the cause; that material witnesses were absent, by whom he expected to prove that there was no payment of the plaintiff's demand, as alleged; and that an adjournment was necessary by reason of the amendment. The justice refused to grant the motion for an adjournment, and the trial proceeded.

It is insisted that the justice erred, in not granting the adjournment. The amendment was, no doubt, material, to enable the defendant to interpose the defence of payment, and the plaintiff was entitled to an adjournment, if it was "made to appear, *to the satisfaction of the court,* by oath, that an adjournment is necessary * * * in consequence of such amendment." (Code, § 64, sub. 11.) Under this provision, the justice must be reasonably satisfied by the facts and circumstances presented. He had a judicial discretion to exercise, and, unless he has abused that discretion, it is not error. The affidavit, alone and of itself, would, no doubt, have been sufficient to authorize the adjournment; but it appears from the return that, when the issue was joined, the defendant requested the justice to take down his answer denying the complaint, and claiming that the account had been paid; that a long conversation took place between one of the plaintiffs and the defendant, she affirming that the demand had been paid and she could so prove, and the plaintiff denying it. This was repeated several times, and the defendant stated that she had paid the money to Mrs. Healey, and she (Mrs. H.) had paid the account; that, when requested by the defendant to set forth payment in her answer, the justice told her that it was unnecessary, and that she could show payment under a general denial, believing this to be the law.

This statement, which, I think, must be taken as a part of

Sherar *v.* Willis.

the return, shows that the plaintiff was fully advised that the defendant relied upon payment as a defence, and that he must meet that issue at the trial on the adjourned day.  There is nothing to show that he trusted to his right to exclude such a defence because it was not pleaded, and I think that the justice had a right to consider what had taken place upon the joining of issue originally, in deciding whether he was satisfied.  Under the circumstances, the plaintiff should have met these facts by an affidavit showing that he had labored under a misapprehension, if such was the case, or naming the witness or witnesses, and stating the testimony which he relied upon as material to meet the issue made by the amended pleading.  As he failed to do this, and it by no means appears that the justice has exceeded his authority, I think that there was no error in refusing the adjournment.

The question put to Lulla Smith, " Did you know the fact at Fort Jackson, that Mrs. Healey had some money for the plaintiffs ? " was competent.  When it appeared, upon the cross-examination, that she only knew from what was told her, the plaintiff should have made a motion to strike out the testimony if deemed in any way material.  No specific objection is made to the testimony of this witness, as to the time she sent for an arithmetic.  But this, as well as the evidence of her knowledge that Mrs. Healey had some money for the plaintiff at Fort Jackson, was proper with a view of fixing the time when the payment, if any, was made, upon the question of interest on the plaintiff's demand.

It was also competent to prove by V. C. Healy the statements made by the defendant to his wife at the time she delivered her the money to pay the plaintiffs.  They merely related to the money which was paid, and constituted a corroboration of the proof which had previously been given, and which is not now claimed to be erroneous.

The foregoing comprehends all the points which are urged against the validity of the justice's judgment, and as there was no error in any of the proceedings, the County Court was wrong in reversing tho judgment of the justice, and the

judgment of the County Court must be reversed, and that of the justice affirmed, with costs of appeal.

Judgment accordingly.