JOURDAN *v.* HEALEY *et al.*

(*Common Pleas of New York City and County, General Term.* June 6, 1892.)

**1. CONTINUANCE—ABSENT WITNESS—SURPRISE.**

In an action in a district court to recover wages defendant was not present at the· trial, because customarily all contracts of employment were made with his fore- man, who was present. Plaintiff testified that his contract was made with defend- ant personally. *Held*, that an adjournment should have been granted for the pur- pose of procuring defendant as a witness, since Laws 1857, c. 334, par. 778, provides· that an action in a district court may be continued "from day to day * * * un- til the same is finished."

**2. REVIEW ON APPEAL—DENIAL OF MOTION FOR ADJOURNMENT—ORIGINAL EVIDENCE.**

Code Civil Proc. § 3057, providing that where an appeal is founded on an error in fact not affecting the merits of the· action, "and not within the knowledge of the·

justice, " the court may determine the matter on affidavits and on examination of witnesses, refers exclusively to appeals from justices' courts, and is not applicable to a denial of a motion for an adjournment to procure an absent witness, which is a matter "within the knowledge of the justice."

Appeal from third district court.

Action by Gabriel Jourdan against Warren M. Healey and another. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Robert Thorne,* for appellants.    *Emile B. Morel,* for respondent.

BOOKSTAVER, J.    Although the appellant has appealed from the judgment rendered in the court below, he relies chiefly upon an error in fact in the proceedings at the trial, and upon the argument presented affidavits setting forth what he regarded as such error. For this procedure appellant relies upon section 3057 of the Code of Civil Procedure, which provides that, "where an appeal is founded upon an error in fact in the proceedings not affecting the merits of the action, and not within the knowledge of the justice, the court may determine the matter upon affidavits, or, in its discretion, upon the examination of witnesses, or in both methods;" but after a careful examination we are convinced that this section refers exclusively to appeals from justices' courts, and not to appeals from district courts. This section is a part of article 1, tit. 8, of the Code, which relates exclusively to appeals from justices' courts. As far as we have been able to discover, no such provision is made for appeals from the district courts of this city. But, if the section under consideration did apply, we think the alleged error shown in the affidavits not covered by the provisions of that section. The errors in fact referred to in that section relate to some incapacity of the party, such as infancy, coverture, or some irregularity in the service of process, or misconduct of the jury, or other error not within the knowledge of the justice at the time of the trial. *Biglow* v. *Sanders,* 22 Barb. 147, 149; *Adsit* v. *Wilson,* 7 How. Pr. 64, 68, 69; *Kasson* v. *Mills,* 8 How. Pr. 377; *Hurd* v. *Beeman,* Id. 254; *Wavel* v. *Wiles,* 24 N. Y. 635, 637. But the error complained of was fully within the knowledge of the justice on the trial, and he denied the motion to adjourn on the ground that he had no power to do so.

From the return it appears that the action was brought by the plaintiff against the defendant to recover wages which the former claims to have earned from the latter under a contract made, as he claimed on the trial, with the defendant Healey personally. As all contracts of that character, according to the custom of the house, were made, not by Mr. Healey, but by defendant's foreman, who was present at the trial, and as the pleadings did not disclose that it was claimed to have been made with either of the defendants personally, we think they were not guilty of negligence in not having Mr. Healey present as a witness; and it is apparent from the return that the testimony of the plaintiff was a surprise to the defendants, and they immediately moved for an adjournment for a time long enough to procure the attendance of Mr. Healey. This the court below refused on the ground that it had no power to adjourn a case after trial commenced except by consent. The learned judge who made this decision doubtless had in mind at the time of rendering it the cases of *Edwards* v. *Drew,* 2 E. D. Smith, 55; *Aberhall* v. *Roach,* 11 How. Pr. 95; *Wight* v. *McClave,* 3 E. D. Smith, 316; *Storry* v. *Bishop,* 4 E. D. Smith, 423; *Giberton* v. *Ginochio,* 1 Hilt. 218; *Redfield* v. *Florence,* 2 E. D. Smith, 339,—decided in this court, which abundantly sustain his ruling. But all of these cases were decided before the act of 1857, (chapter 344, § 78,) which expressly provided that "the trial of an action or special proceeding may be continued from day to day, or from one day to another day or days, until the same is finished." This provision was retained in the consolidated act of 1882. We think it gives the district judge ample power to adjourn a

case, under circumstances like these, for a sufficient time to procure the attendance of witnesses, if, in his discretion, he thinks such an adjournment should be granted; and from the return it appears that the justice did think so, as he said on denying the motion: "If I had such a right, I should certainly give you an opportunity to bring Mr. Healey."

- Although not necessary to a decision in this case, it may be added that even in justices' courts it has been held that after amendment it was discretionary with the justice to grant an adjournment or not on the ground of surprise. *Sherar* v. *Willis*, 5 Lans. 329. So, too, it was long ago held that it was a matter of discretion on the part of the justice to hold a case open in order to allow one or the other parties to obtain witnesses, and that it was not error to do so for a period of two hours. *Pease* v. *Gleason*, 8 Johns. 409. And in *Day* v. *Wilber*, Colem. & C. Cas. 381, 385, it was held that it was not error to continue the case from the 2d of June, when the *venire* was returned, to the 3d of that month, when the cause was tried; and on appeal in that case it was said: "There is nothing in the law to prohibit a justice from continuing this court from one day to the next when the exigencies of the case require it." Although it is true that in *Green* v. *Angel*, 13 Johns. 469, it was decided that, under the circumstances in that case, holding it open for 20 hours to procure the attendance of a witness was unreasonable. It therefore seems that the matter of continuing the case is in the sound discretion of the justice. See, also, Cow. Treat. pars. 1219, 1220. But, in addition to this, it may be said that the decisions of this court above cited were rendered when it had no power to grant a new trial, as it now has, and on a review of this case we are of the opinion that justice requires a new trial should be had, even had no error of law been shown, under *Curley* v. *Tomlinson*, 5 Daly, 283. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.