(31 Misc. Rep. 725.)

### HERTZ v. SCHMIDT.

(Supreme Court, Appellate Term. June 13, 1900.)

MUNICIPAL COURTS—PROCEDURE—ADJOURNMENT OF TRIAL.

Under Consol. Act, § 1381, providing that the conduct of trials in municipal courts shall be the same as in courts of record, a justice of a municipal court, having the same power as a justice of a court of record as to adjournment of a trial, does not lose jurisdiction by permitting an adjournment after commencement of trial.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Jacob Hertz against Conrad Schmidt. From a final order in a summary proceeding, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-
MAN, JJ.

August P. Wagener, for appellant.
N. S. Levy, for respondent.

O'GORMAN, J. Plaintiff's contention that the court below lost
jurisdiction by permitting an adjournment after the commencement
of the trial is not well taken. Trials in the municipal court are con-
ducted the same as in courts of record (Consol. Act, § 1381), and a jus-
tice of the municipal court now has the power possessed by a justice
of a court of record with respect to the adjournment of a trial, ex-
cepting that the trial of an action cannot be adjourned for a longer
period than eight days (Consol. Act, § 1362), and the trial of a sum-
mary proceeding cannot be adjourned for a longer period than ten
days (section 2248, Code Civ. Proc.), unless by consent. In Boller
v. Mayor, etc., 40 N. Y. Super. Ct. 537, there was an unauthorized
adjournment for three weeks, and in Kiernan v. Reming, 7 N. Y.
Civ. Proc. R. 311, no answer was interposed, and consequently there
was no trial. These cases, therefore, do not uphold appellant's posi-
tion. Aberhall v. Roach, 3 E. D. Smith, 345, and the other cases
cited by the appellant, are no longer recognized as authorities, owing
to the changes which have since taken place in the law governing
the municipal court and its procedure. Jourdan v. Healey (Com.
Pl.) 19 N. Y. Supp. 240; Goff v. Vedder, 12 Civ. Proc. R. 358.

Final order affirmed, with costs. All concur.